**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DOMINIQUE VELASQUEZ *et al.*,

      Plaintiffs,

v.                                                 Civ. No. 20-277 KWR/KK

ION SOLAR, LLC *et al.*,

      Defendants.

## ORDER ON PLAINTIFFS' MOTIONS TO COMPEL
## ION SOLAR, JUGGERNAUT, AND SLEMBOSKI

THIS MATTER is before the Court on:  (1) Plaintiffs' Motion to Compel Ion Solar, LLC f/k/a Zing Solar of New Mexico LLC and Zing Solar, Inc. (Doc. 42); (2) Plaintiffs' Motion to Compel Juggernaut, Inc. (Doc. 44); and, (3) Plaintiffs' Motion to Compel Nathan Slemboski. (Doc. 46.)  Plaintiffs filed these motions on July 9, 2020.  Defendants Ion Solar, LLC ("Ion Solar"), Juggernaut, Inc. ("Juggernaut"), and Slemboski (collectively, "Defendants") filed a joint response in opposition to the motions on July 23, 2020, (Doc. 54), and Plaintiffs filed replies in support of them on August 6, 2020.  (Docs. 67-69.)  On September 15, 2020, Plaintiffs filed a notice indicating which discovery disputes raised in the motions remain unresolved.  (Doc. 94.)  The Court, having reviewed the parties' submissions, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that Plaintiffs' motions are well-taken in part and should be GRANTED IN PART and DENIED IN PART as set forth herein.

Pursuant to Federal Rule of Civil Procedure 33, a party may serve on any other party interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2).  Similarly, pursuant to Rule 34, a party may request that any other party produce

designated documents or electronically stored information in the other party's possession, custody, or control that concern any matter within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  Rule 26(b), in turn, permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*

Factors courts should consider in determining whether discovery is "proportional to the needs of the case" include:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.*  "The court's responsibility, using all the information provided by the parties, is to consider these . . . factors in reaching a case-specific determination of the appropriate scope of discovery."  Fed. R. Civ. P. 26(b)(1), 2015 Amendment, Advisory Committee Notes.  The Court will consider the remaining discovery disputes raised in the subject motions in light of these principles.

1.   <u>Contention Interrogatories Regarding Defendants' Allegations of Error</u>

In their Interrogatory No. 8 to Ion Solar, Interrogatory No. 8 to Juggernaut, and Interrogatory No. 12 to Mr. Slemboski, Plaintiffs ask for information about any error that Defendants allege occurred with respect to Plaintiffs' solar energy system or its servicing, Defendants' transactions or communications with Plaintiffs, or Defendants' investigation into their disputes with Plaintiffs.  (Doc. 94-1 at 2-3; Doc. 94-2 at 2-3; Doc. 94-3 at 2-3.)  Defendants object to these interrogatories on the basis that they are compound and exceed numerical limitations, and are overbroad, unduly burdensome, and improper contention interrogatories.  (Doc. 94-1 at 3-4;

Doc. 94-2 at 3; Doc. 94-3 at 3-4.)  Defendants have provided no substantive answers to these interrogatories.

"[I]nterrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Wildearth Guardians v. Pub. Serv. Co. of Colo.*, No. 09-CV-01862-ZLW-MEH, 2010 WL 5464313, at *1 (D. Colo. Dec. 29, 2010) (ellipses omitted).  However, "once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Id.* at *2; *see also Sifuentes v. United Parcel Serv., Inc.*, No. 10-2178-RDR, 2011 WL 13301689, at *5 (D. Kan. Mar. 1, 2011) ("[A]n interrogatory containing subparts directed at eliciting details concerning [a] common theme should be considered a single question . . . . On the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the [numerical] limitation [on interrogatories].").

"Contention interrogatories," in turn, "should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).  However, "[i]nterrogatories may ask for the material or principal facts that support a party's contentions, and contention interrogatories that do not encompass every allegation, or a significant number of allegations, made by a party are proper." *Id.*

In light of the foregoing authority, the Court will compel Defendants to answer Plaintiffs' contention interrogatories regarding Defendants' allegations of error insofar as these interrogatories ask for dates and reasonably specific descriptions of the alleged error(s), the

persons and direct supervisors responsible for the error(s) (and these persons' last known contact information, if not in care of Defendants' attorneys), and whether the actions resulting in the error(s) were intentional.  The Court will also compel Defendants to identify each document that substantively describes the alleged error(s), excluding attorney-client privileged communications and attorney work product.  The foregoing subparts seek information that is relevant and proportional to the needs of the case and are logically or factually subsumed within and necessarily related to the primary question in the subject interrogatories.  In all other respects, the Court finds that the subject interrogatories are overbroad and unduly burdensome and will not compel Defendants to answer them.

2.      Contention Interrogatories Regarding Defendants' Affirmative Defenses

In their Interrogatory No. 10 to Ion Solar, Interrogatory No. 10 to Juggernaut, and Interrogatory No. 14 to Mr. Slemboski, Plaintiffs ask Defendants to "describe in detail the factual basis" for "each affirmative defense" Defendants have raised in this lawsuit.  (Doc. 94-1 at 5; Doc. 94-2 at 4; Doc. 94-3 at 5.)  Defendants object to these interrogatories on a number of grounds and have provided no answers to them, except to say that "discovery in this action is ongoing" and they have "not yet discovered all information that will form the basis of [their] contentions."  (Doc. 94-1 at 5; Doc. 94-2 at 4-5; Doc. 94-3 at 5.)  For the reasons stated in *Lucero*, 240 F.R.D. at 594, the Court finds that these contention interrogatories are patently vague, overbroad, and unduly burdensome and will not compel Defendants to answer them.

3.      Discovery Requests Regarding Defendants' Net Worth

Interrogatory No. 14 and Request for Production No. 14 to Ion Solar, Interrogatory No. 14 and Request for Production No. 13 to Juggernaut, and Interrogatory No. 18 and Request for

Production No. 20 to Mr. Slemboski seek documents and information regarding Defendants' net worth.  (Doc. 94-1 at 6, 8; Doc. 94-2 at 6, 8; Doc. 94-3 at 6, 10.)  Defendants object that the specified interrogatories seek irrelevant and private information, and the specified requests for production are overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case, and seek information equally available to Plaintiffs.  (*Id.*)

"[T]he wealth . . . of the defendant" is a "relevant consideration[]" in determining the reasonableness of a punitive damages award.  *Peshlakai v. Ruiz*, 39 F. Supp. 3d 1264, 1334 (D.N.M. 2014); *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 791 F. Supp. 2d 1026, 1044 (D.N.M. 2011).  In this case, Plaintiffs have asserted potentially viable claims for punitive damages against Defendants.  (Doc. 1-2 at 10.)  Thus, information about Defendants' net worth is relevant. Fed. R. Civ. P. 26(b)(1).  However, portions of Plaintiffs' requests reach beyond what is proportional to the needs of the case.  *Id.*  The Court will therefore compel each Defendant to state its current net worth and to produce its most recent tax return, non-privileged statement of net worth, and non-privileged profit and loss statement between 2016 and the present.  In all other respects, the Court will deny Plaintiffs' motions to compel Defendants to respond to Plaintiffs' discovery requests regarding Defendants' net worth.

4.      Requests for Production Regarding the Relationships between Specified Entities

In their Request for Production No. 11 to Ion Solar, Plaintiffs request "[a]ll documents that govern the relationship between Ion Solar and Service Finance Company from January 1, 2016 to the present."  (Doc. 94-1 at 7.)  Similarly, in their Request for Production No. 10 to Juggernaut, Plaintiffs request "[a]ll documents that govern the relationship between Juggernaut and Service Finance Company from January 1, 2016 to the present."  (Doc. 94-2 at 7.)  In addition, in their

5

Request for Production No. 16 to Juggernaut, Plaintiffs request "[a]ll documents that govern the relationship between Juggernaut and the entity known as 'Juggernaut Inc. dba Zing Solar,'" without a time limitation.  (*Id.* at 10.)

Defendants object to these requests as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.  (Doc. 94-1 at 7; Doc. 94-2 at 7, 10.)  However, Ion Solar and Juggernaut have agreed to produce responsive, non-privileged documents involving the solar energy system and claims at issue.  (Doc. 94-1 at 7; Doc. 94-2 at 7.)  Also, Juggernaut has agreed to produce "non-privileged documents responsive to [Request for Production No. 16] that are within its possession, custody, or control," without further limitation.  (Doc. 94-2 at 10.)

The Court agrees that, in general, Plaintiffs are entitled to discover information regarding the nature and structure of the relationships between (a) Ion Solar and Service Finance Company, (b) Juggernaut and Service Finance Company, and (c) Juggernaut and "Juggernaut Inc. dba Zing Solar."  *See* Fed. R. Civ. P. 26(b)(1).  However, the Court also agrees that the subject requests, as written, are overbroad and that even producing privilege logs responsive to them would be unduly burdensome.  The Court will therefore compel Defendants to produce all non-privileged documents that, by their operation, establish or structure the relationships between the specified entities, including documents in which the specified entities agree to the general manner in which income, expenses, assets, or liabilities should be allocated between them, in effect from January 1, 2016 to the present.  In all other respects, Plaintiffs' motions to compel Defendants to respond to these requests are denied.

5.     Requests for Production Regarding the Formation, Dissolution, and Ownership of Specified Entities

In Requests for Production Nos. 15 and 16 to Ion Solar, Requests for Production Nos. 14, 15, 17, and 18 to Juggernaut, and Request for Production No. 5 to Mr. Slemboski, Plaintiffs request documents concerning:  (a) the formation, sale, distribution of shares or ownership, or dissolution of Ion Solar, Juggernaut, or "the entity known as Juggernaut Inc. dba Zing Solar"; (b) the sale, distribution of shares or ownership, or dissolution of Zing Solar, LLC; (c) "the identities of all owners, officers and directors" of Juggernaut, "Juggernaut Inc. dba Zing Solar," or Zing Solar, LLC; and, (d) all payments Zing Solar, LLC made to Mr. Slemboski  in 2016.  (Doc. 94-1 at 9; Doc. 94-2 at 9-11; Doc. 94-3 at 8.)

Defendants object that these requests seek information that is privileged and irrelevant, and are overbroad, unduly burdensome, and disproportionate to the needs of the case.  (Doc. 94-1 at 9-10; Doc. 94-2 at 9-11; Doc. 94-3 at 9.)  Ion Solar has refused to produce any documents responsive to the subject requests.  (Doc. 94-1 at 9-10.)  Juggernaut has refused to produce any responsive documents regarding itself but has agreed to produce responsive non-privileged documents regarding "Juggernaut Inc. dba Zing Solar."  (Doc. 94-2 at 9-11.)  Mr. Slemboski has agreed to produce "non-privileged documents responsive to this request within his possession, custody, or control that show payments made to him in calendar year 2016" and has indicated that he "has no documents in his possession, custody, or control responsive to the remaining portions of this request."  (Doc. 94-3 at 9.)

The Court finds Plaintiffs are entitled to discover some information regarding the formation, dissolution, and ownership of the specified entities.  Fed. R. Civ. P. 26(b)(1).  However, in seeking "all" documents "concerning" these topics, their discovery requests are overbroad, unduly burdensome, and disproportionate to the needs of the case.  *Id.*  Again, even producing a

privilege log responsive to these requests would be unduly burdensome.  The Court will therefore compel Defendants to produce all non-privileged documents that, by their operation:  (a) form, sell, distribute shares or ownership, or dissolve Ion Solar, Juggernaut, or "the entity known as Juggernaut Inc. dba Zing Solar"; (b) sell, distribute shares or ownership, or dissolve Zing Solar, LLC; or, (c) formally designate the owners, officers, or directors of Juggernaut, "Juggernaut Inc. dba Zing Solar," or Zing Solar, LLC.  In all other respects, the Court will deny Plaintiffs' motion to compel Defendants to respond to these requests.

6.      Requests for Production Regarding Indemnity Agreements

Request for Production No. 17 to Ion Solar seeks "[a]ny indemnity agreements between Ion Solar and Zing Solar, Juggernaut, 'Juggernaut Inc. dba Zing Solar,' Nathan Slemboski, or Service Finance Company."  (Doc. 94-1 at 10.)  Likewise, Request for Production No. 19 to Juggernaut seeks "[a]ny indemnity agreements between Juggernaut and Zing Solar, Ion Solar, 'Juggernaut Inc. dba Zing Solar,' Nathan Slemboski or Service Finance Company."  (Doc. 94-2 at 11.)  Defendants object that these requests seek documents subject to the attorney-client privilege, the work-product doctrine, or the "common interest privilege[]."  (Doc. 94-1 at 10; Doc. 94-2 at 11.)  However, an "indemnity agreement" between non-attorneys, though it may be confidential, is not protected by any of the listed privileges.  The Court will therefore compel Defendants to respond to these requests.

7.      Requests for Production Regarding Payments by and to Mr. Slemboski

Finally, in Request for Production No. 3 to Mr. Slemboski, Plaintiffs seek "all documents showing any payments made to [Mr. Slemboski] at any time in calendar year 2016" by his employer(s) or by any entity in which he had an ownership interest or was an officer or director in

July 2016.  (Doc. 94-3 at 7.)  Mr. Slemboski objects to this request on the bases of relevance, overbreadth, burdensomeness, and disproportionality but has agreed to produce "non-privileged documents responsive to this request within his possession, custody or control."  (*Id.* at 7-8.)

Relatedly, in Request for Production No. 21 to Mr. Slemboski, Plaintiffs seek "[a]ll documents that reflect" payments by or to Mr. Slemboski concerning Plaintiffs' solar energy system or this lawsuit, excluding payments to Mr. Slemboski's counsel.  (*Id.* at 10.)  Mr. Slemboski does not object to this request and has agreed to produce "non-privileged documents responsive to this request that are within his possession, custody or control."  (*Id.*)

At this juncture it is unclear why Plaintiffs maintain that these requests remain in dispute.  (*See* Doc. 94 at 1-2.)  In his supplemental discovery responses, Mr. Slemboski has agreed to produce non-privileged documents responsive to these requests without any caveat or disclaimer regarding objections he has made.  (Doc. 94-3 at 7-8, 10.)  The Court will therefore deny Plaintiffs' motion for an order compelling Mr. Slemboski to produce documents responsive to these requests, other than those he has already agreed to produce.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Ion Solar, LLC f/k/a Zing Solar of New Mexico LLC and Zing Solar, Inc. (Doc. 42), Plaintiffs' Motion to Compel Juggernaut, Inc. (Doc. 44), and Plaintiffs' Motion to Compel Nathan Slemboski (Doc. 46) are GRANTED IN PART and DENIED IN PART as follows:

1.     The motions are GRANTED in that Defendants are hereby ordered to supplement their responses to Plaintiffs' discovery requests **within twenty-one (21) days** of entry of this Order as follows:

     a.     In answer to Interrogatory No. 8 to Ion Solar, Interrogatory No. 8 to Juggernaut, and Interrogatory No. 12 to Mr. Slemboski, Defendants are to provide dates and reasonably specific descriptions of the specified alleged error(s), the persons and direct supervisors responsible for the error(s) (and these persons' last known contact information, if not in care of defense counsel), and whether the actions resulting in the error(s) were intentional.  Defendants are also to identify each document that substantively describes the error(s), excluding attorney-client privileged communications and attorney work product;

     b.     In response to Interrogatory No. 14 and Request for Production No. 14 to Ion Solar, Interrogatory No. 14 and Request for Production No. 13 to Juggernaut, and Interrogatory No. 18 and Request for Production No. 20 to Mr. Slemboski, each Defendant is to state its current net worth and produce its most recent tax return, non-privileged statement of net worth, and non-privileged profit and loss statement between 2016 and the present;

     c.     In response to Request for Production No. 11 to Ion Solar, Request for Production No. 10 to Juggernaut, and Request for Production No. 16 to Juggernaut, Defendants are to produce all non-privileged documents that, by their operation, establish or structure the relationships between the specified entities, including documents in which the specified entities agree to the general manner in which income, expenses, assets, or liabilities should be allocated between them, in effect from January 1, 2016 to the present;

     d.     In response to Requests for Production Nos. 15 and 16 to Ion Solar, Requests for Production Nos. 14, 15, 17, and 18 to Juggernaut, and Request for Production No. 5 to Mr. Slemboski, Defendants are to produce all non-privileged documents that, by their operation:  (a) form, sell, distribute shares or ownership, or dissolve Ion Solar, Juggernaut, or "the entity known

as Juggernaut Inc. dba Zing Solar"; (b) sell, distribute shares or ownership, or dissolve Zing Solar, LLC; or, (c) formally designate the owners, officers, or directors of Juggernaut, "Juggernaut Inc. dba Zing Solar," or Zing Solar, LLC; and,

       e.      Defendants shall respond to Request for Production No. 17 to Ion Solar and Request for Production No. 19 to Juggernaut regarding indemnity agreements.

2.      In all other respects, Plaintiffs' motions are DENIED.

3.      The Court declines to apportion the expenses the parties have incurred in connection with the motions pursuant to Federal Rule of Civil Procedure 37(a)(5)(C).

      IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

11